ATTORNEY DISCIPLINARY PROCEEDINGS
1PER CURIAM.
This disciplinary proceeding arises from a joint petition for consent discipline filed by the Office of Disciplinary Counsel (“ODC”) and respondent, Lillian Brown-Singh, an attorney licensed to practice law in the State of Louisiana but currently on interim suspension.[1]
UNDERLYING FACTS
Investigative Matter # 0007018
Willestine Magee paid respondent a flat fee of $250 to handle a divorce for her son. Respondent failed to complete the matter and failed to account for the legal fee. In the course of the representation, respondent allowed her mother, a non-notary, to sign respondent’s name and notarize documents using respondent’s notary seal while respondent was out of town. Respondent refunded $150 to Ms. Magee after the complaint was filed.
Investigative Matter # 0010991
Jerry Keys contacted respondent regarding the possibility of her representing him in a divorce action. During an interview with respondent, Mr. Keys confided | ¡.personal details regarding his spouse and custody of his children. The following day, respondent informed Mr. Keys that she had been contacted by his wife and therefore could not represent him. However, respondent continued her representation of Mrs. Keys without the consent of Mr. Keys, despite his objections.
Investigative Matter # 0010992
Robert Magee paid respondent a $200 flat fee to handle a divorce. Respondent *1257 failed to complete the work and failed to refund any of the fee.

Investigative Matter # 0010908

Respondent undertook to represent approximately twenty-three people against an investment group for damages. Respondent’s attorney-client contracts in this matter specified an obligation of the clients to pay a “true retainer,” an “availability retainer,” a contingency fee and hourly fees. Respondent was unable to satisfactorily explain her method of calculating fees and separating legal fees from costs. In addition, respondent requested some of the clients perform services (such as repairing respondent’s home) in lieu of paying attorney’s fees. Although the clients provided these services, in part, respondent was unable to produce to the ODC sufficient documentation to reflect the work performed.
On December 15, 1999, respondent’s representation was terminated. However, she failed to formally withdraw as counsel until nearly a month later, as well as neglected to timely return the clients’ files. Despite written request, respondent refused to account for or refund any of the $2,175 fee paid to her.
Moreover, respondent agreed to handle an immigration matter involving some of the clients. However, she neglected to complete the work and failed to refund the fee paid to her.

13Investigative Matter # 0011622

In a report dated June 6, 2000, respondent’s practice monitor, who was appointed pursuant to the disciplinary board’s diversion program in connection with investigative matter # 0007048, noted that respondent’s case files were generally in disarray and lacking in basic information. Furthermore, the report noted serious violations regarding respondent’s handling and use of her trust accounts.[2] Respondent agreed that her client trust account had not been handled in accordance with the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
In connection with investigative matter # 0007048, respondent entered into the disciplinary board’s diversion program for a period of two years, which required appointment of a practice monitor. Notwithstanding, respondent continued to disregard the Rules of Professional Conduct in the operation of her law practice, primarily with respect to her handling and use of client funds. Therefore, when the other disciplinary complaints were filed, the ODC initiated investigative matter # 0011622. As a result of this investigation, the ODC and respondent filed a joint motion for interim suspension, which this court granted on August 18, 2000.
Prior to the institution of formal charges, respondent and the ODC filed a *1258 joint petition for consent discipline. The parties stipulated that respondent’s conduct was |4in violation of the Rules of Professional Conduct, namely, Rules 1.3 (neglect of legal matters); 1.5 (assessing unreasonable and excessive fees); 1.9 (engaging in a conflict of interest); 1.15 (commingling of clients’ funds); 1.5(f)(6) (failing to account for and refund unearned fees); 1.16(d) (failing to protect clients’ interests upon termination of representation); and 5.5(b) (engaging in the unauthorized practice of law). As a sanction, the parties proposed that respondent be suspended for a period of three years, followed by a two year period of supervised probation with the following conditions:
(a) appointment of a probation monitor for a period of two years;
(b) appointment of a certified public accountant to conduct quarterly audits during the probationary period of respondent’s trust account and report the finding of such audits;
(c) attendance and successful completion of ten additional mandatory continuing legal education hours in law office management or related subject matter; and
(d) payment of all costs of these proceedings.

Disciplinary Board Recommendation

The disciplinary board concluded respondent violated the professional rules cited in the consent petition and, therefore, knowingly and intentionally violated her duties to her clients and the profession. The board found that respondent’s actions resulted in serious actual injury to her clients. Although respondent refunded $150 of the $250 charged to Willestine Magee, the board found respondent still failed to account for the fee assessed to Robert Magee and the multiple clients in investigative matter # 0010908.
Relying on the AJBA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction was a lengthy suspension or disbarment. As aggravating factors, the board recognized dishonest or selfish motive, pattern of | smisconduct and multiple offenses. In mitigation, it recognized full and free disclosure to the disciplinary board and cooperative attitude toward the proceedings, as well as inexperience in the practice of law (admitted in April of 1997). Based on these factors, the board recommended adoption of the proposed discipline of a three year suspension followed by a two year supervised probationary period.
DISCUSSION
Respondent has admitted to the facts giving rise to this disciplinary proceeding, specifically, that she neglected several legal matters, -failed to account for and return legal fees in three of the investigative matters, one of which involved twenty-three clients, commingled the funds of numerous clients, engaged in a conflict of interest and assisted a non-lawyer in engaging in the unauthorized practice of law. Therefore, the sole issue before us is whether the proposed discipline, a suspension from the practice of law for a period of three years followed by a two year supervised probation with conditions, is an appropriate sanction for respondent’s misconduct.
In making a determination of the appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990).
*1259 As the disciplinary board found, respondent’s misconduct is serious in nature and caused actual or potential harm to multiple clients. While much of her misconduct may be attributed to her inexperience in the practice of law, we are particularly disturbed by her failure to improve her management of client files after she entered into the disciplinary board’s diversionary program and had the benefit of 1 fla practice monitor. Under these circumstances, we conclude a lengthy suspension from the practice of law is appropriate.
Accordingly, we will accept the joint petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Lillian Brown-Singh be suspended from the practice of law in the State of Louisiana for a period of three years, retroactive to the date of her August 18, 2000 interim suspension. In the event respondent petitions for and is granted reinstatement to the practice of law under the provisions of Supreme Court Rule XIX, § 24, she shall then be subject to a two year period of probation governed by the conditions set forth in the petition for consent discipline, as well as any other conditions which may be appropriate at the time of reinstatement. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Pursuant to a joint motion filed by respondent and the ODC, she was placed on interim suspens'ion on August 18, 2000 for the misconduct giving rise to the instant consent discipline matter. In re: Brown-Singh, 00- *1257 2407 (La.8/18/00), — So.2d —, 2001 WL 1020922.

. The probation monitor's report is attached to the petition for consent discipline. The probation monitor wrote that, upon reviewing some of respondent's active and closed files, respondent's files were lacking in fairly basic information, such as pleadings, correspondence or other explanations as to status. When the monitor reviewed a personal injury file which contained a disbursement sheet signed by the client as to an agreed disbursement of settlement funds, respondent was unable to produce her trust account checkbook to compare the canceled check with her settlement statement. Although respondent produced some canceled checks and disbursements on the file, the checks did not reconcile with the disbursement sheet. In addition, several canceled checks from her trust account were written out to ''cash'' with no file or client designation. Moreover, the checks were not in any sequential order. The report further indicates respondent advised the monitor she did not maintain a separate account for her office operations, and that checks not deposited in her trust account were simply deposited into the personal account she maintained with her husband.